State Officer — Interests — Conflict There would not exist a conflict of interest which would violate the provisions of either 74 O.S. 1402 [74-1402] or Section 74 O.S. 1404 [74-1404] (1969) if a member of the Oklahoma Turnpike Authority was involved in the process of securing a state bank charter. The Attorney General has had under consideration your recent letter in which you, in effect, inquire as follows: Would there exist a conflict of interest if a member of the Oklahoma Turnpike Authority was involved in the process of securing a state bank charter? Title 74 O.S. 1402 [74-1402] and 74 O.S. 1404 [74-1404] (1969) are pertinent to your inquiry and provide as follows: Section 74 O.S. 1402 [74-1402]. "It is hereby declared to be the policy of the State of Oklahoma that no officer or employee or member of the executive, judicial or legislative branch of state government shall have any interest, financial or otherwise, or engage in any business or transaction of any nature which is in substantial conflict with the proper discharge of his public duties or with the public interest. To protect the public from improper use of authority and to protect public officials and employees from unwarranted assaults on their integrity, the following code of ethics for state government is hereby adopted." Section 74 O.S. 1404 [74-1404]. "No state employee shall: "(a) Directly or indirectly accept any compensation, gift, loan. entertainment, favor, or service given for the purpose of influencing such employee in the discharge of his official duties. Provided, however, that this section shall not apply to bona fide campaign contributions; "(b) Use his official position to secure special privileges or exemptions for himself or others, except as may be provided by law; "(c) Disclose confidential information acquired by reason of his official position to any person, group, or others not entitled to received such confidential information, nor shall he use such information for his personal gain or benefit; "(d) Sell or cause to be sold, either as an individual or through any business enterprise in which he holds a substantial financial interest, goods or services to any state agency or to any business entity licensed by or regulated by the state agency, except as provided in Section 5 (a) of this Act; "(e) Receive any compensation that would impair his independence of judgment, for his services as an officer or employee of any state agency, from any source other than the State of Oklahoma, unless otherwise provided by law; or "(f) Accept other employment which would impair his efficiency or independence of judgment in the performance of his public duties." Title 74 O.S. 1403 [74-1403](b) (1969), defines the term "state employee" as used in Section 1404, supra, as an elected or appointed officer of government. This definition would include a member of the Oklahoma Turnpike Authority. In the case of City of Coral Gables v. Weksler, Fla., 164 So.2d 260(1964), the court was involved with the issue of "conflict of interest" and stated in the body of its opinion: "The conflict of interest theory is based, as we understand it, on the fact that an individual occupying a public position uses the trust imposed in him and the position he occupies to further his own personal gain. It is the influence which he exerts in his official position to gain personally in spite of his official trust which is the evil the law seeks to eradicate." There is no provision either in the Oklahoma Banking Code of 1965 (6 O.S. 101 [6-101] (1969), et. seq.) or the Oklahoma Highway Code of 1968 (69 O.S. 101 [69-101] (1969) et. seq.) which would prohibit a member of the Oklahoma Turnpike Authority from being involved in the process of securing a state bank charter. Also from the facts contained in your question, there is no reason to believe that such activity would be violative of the provisions of either Section 1402 or Section 1404, supra. If such member is later successful in obtaining a charter and actively participated in the management of the bank, a revaluation of the situation should be made then to determine if a conflict of interest had developed. It is, therefore, the opinion of the Attorney General that there would not exist a conflict of interest which would violate the provisions of either 74 O.S. 1402 [74-1402] or Section 74 O.S. 1404 [74-1404] (1969) if a member of the Oklahoma Turnpike Authority was involved in the process of securing a state bank charter. (Gary F. Glasgow)